right thigh injury remained under the two other diagnostic codes. In any event, if, as the Veterans Court and Board concluded, there was no CUE in the elimination of the rating under DC 7804 and recharacterizing Groves's injury under other rating provisions, there was also no severance and no requirement of notice. *See Read*, 651 F.3d at 1300. The Veterans Court explained that, under that view, in 1972 the RO had merely "corrected its prior decision to more accurately reflect the state of Mr. Groves's injury" and that "the action taken by the September 1972 RO constituted only a nonsubstantive administrative act and not a severance action." *Final Decision*, 2009 WL 4065045, at *3. Thus, because no severance had occurred, the right to notice under 38 C.F.R. § 3.105(d) was not triggered.

Moreover, the Veterans Court also concluded that Groves failed to demonstrate how the outcome of the 1972 RO decision would have been manifestly different had he been provided the notice that he alleges was required. On appeal, Groves argues only that, if he did fail to demonstrate how the outcome would have been manifestly different, his claim should have been dismissed without prejudice to refiling under 38 C.F.R. § 20.1404(b).[2] Section 20.1404(b) on its face, however, applies only to motions for revision of Board decisions based on CUE, not CUE in an RO decision, and thus it does not apply here. The Veterans Court's determination that Groves failed to demonstrate how the outcome of the 1972 RO decision would have been manifestly different is a factual issue

that we do not have jurisdiction to review on appeal, and provides an independent basis for our rejection of the notice argument.

All of Groves's other arguments are without merit or present challenges to factual determinations, which we do not have jurisdiction to review.

### Costs

No costs.

In re Anthony L. KUCZYNSKI, Atul D. Ayer, and Patrick S.L. Wong.

No. 2011–1353.

United States Court of Appeals, Federal Circuit.

Feb. 14, 2012.

Joseph Lucci, Woodcock Washburn LLP, of Philadelphia, PA, argued for appellants. With him on the brief were John F. Murphy and David B. Hoffman.

---

**2.** 38 C.F.R. § 20.1404(b) provides: "The motion must set forth clearly and specifically the alleged clear and unmistakable error, or errors, of fact or law in the Board decision, the legal or factual basis for such allegations, and why the result would have been manifestly different but for the alleged error. Non-specific allegations of failure to follow regula-

tions or failure to give due process, or any other general, non-specific allegations of error, are insufficient to satisfy the requirement of the previous sentence. Motions which fail to comply with the requirements set forth in this paragraph shall be dismissed without prejudice to refiling under this subpart."

Frances M. Lynch, Associate Solicitor, Office of the Solicitor, United States Patent and Trademark Office, of Alexandria, VA, argued for Appellee. With her on the brief were Raymond T. Chen, Solicitor, and Kristi L.R. Sawert, Associate Solicitor.

BRYSON, CLEVENGER, and O'MALLEY, Circuit Judges.

## JUDGMENT

PER CURIAM.

THIS CAUSE having been heard and considered, it is

ORDERED and ADJUDGED:

**AFFIRMED.** *See* **Fed. Cir. R. 36.**

Joan CAVES, Petitioner–Appellant,

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Respondent–Appellee.**

No. 2011–5108.

United States Court of Appeals, Federal Circuit.

Feb. 14, 2012.

Sylvia Chin–Caplan, Conway, Homer & Chin–Caplan, P.C., of Boston, MA, argued for petitioner-appellant. On the brief was Ronald C. Homer.

Darryl R. Wishard, Trial Attorney, Torts Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With him on the brief were Tony West, Assistant Attorney General, Mark W. Rogers, Acting Director, Vincent J. Matanoski, Acting Deputy Director, and Catherine E. Reeves, Assistant Director.

LINN, CLEVENGER, and REYNA, Circuit Judges.

## JUDGMENT

PER CURIAM.

THIS CAUSE having been heard and considered, it is

ORDERED AND ADJUDGED:

**AFFIRMED.** *See* **Fed. Cir. R. 36.**

Barun ACHARYA and Xingen Dong, Appellants,

v.

**Raymond HAUSER and Lonnie E. Holder, Appellees.**

No. 2011–1452.

United States Court of Appeals, Federal Circuit.

Feb. 14, 2012.